# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Daniel G. Martin | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9933 | **DATE** | 3/27/2013 |
| **CASE TITLE** | Ernest A. Hall vs. Carolyn W. Colvin | | |

**DOCKET ENTRY TEXT**

Plaintiff Ernest Hall has filed a Motion for Leave to Proceed *In Forma Pauperis* in this case contesting the final decision of the Commissioner of Social Security. The federal *in forma pauperis* statute is designed to give indigent litigants meaningful access to the federal courts, while at the same time preventing them from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). A court must make two findings before a litigant may proceed *in forma pauperis*. First, the court must determine whether the litigant is able to pay the costs of commencing the action. This does not require the party seeking in forma pauperis status to "be absolutely destitute" in order to qualify under the statute. *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980).

Second, a court must determine whether the action is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if there is no arguable basis for relief in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Hall has filed the form and financial affidavit required for *in forma pauperis* applications in the Northern District of Illinois. He states that he is currently employed by Jewel Food Store at a salary of $932 a month. He is unmarried and has no other assets or income. The Court is persuaded that Hall's limited income would produce undue hardship if Plaintiff were required to pay the filing fee in this action. *See Albino v. United Methodist Church*, 2008 WL 2004331, at *1 (E.D. Wis. May 9, 2008) (granting *in forma pauperis* status to a plaintiff who earned $1,322 a month). Thus, Hall meets the first requirement for *in forma pauperis* status.

Hall's Complaint does not appear to be frivolous or malicious. The record shows that the Administrative Law Judge ("ALJ") denied his application for supplemental security income because Hall did not satisfy Step 1 of the familiar five-step process for analyzing social security claims. The ALJ found that Hall had earned $1,100 a month during his claimed disability period, thereby engaging in "substantial gainful activity" as defined by the regulations. Hall's Complaint challenges this finding. The Court cannot say at this point that his claim is frivolous. The extensive administrative record may contain evidence that the ALJ misconstrued or overlooked in finding that Hall did not meet Step 1. Thus, Hall is entitled to proceed *in forma pauperis* in this suit.

Hall has also filed a Motion for Appointment of Counsel. Under 28 U.S.C. § 1915(e)(1), a court may request an attorney to represent a person who cannot afford counsel. Such a decision is left to

| **STATEMENT** |
|---|

the discretion of the District Court. *Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). "When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 656-57 (7th Cir. 2007).

Hall's motion states that he contacted three well-known social security attorneys in an attempt to find counsel. The failure to obtain counsel can be relevant to this issue because a court "is justified in subjecting an indigent's claim to heightened scrutiny if the petitioner was unsuccessful in obtaining counsel." *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). Hall is not clear on why he was unsuccessful in retaining an attorney. He states that he cannot afford to pay the attorneys he contacted because "they all want to start the case from the beginning." In addition, he claims that one attorney "says you cannot work at all." It may be that the experienced counsel Hall contacted did not believe that his claim had merit. It may also be that they did not think the unusually succinct nature of the ALJ's decision would be economically worthwhile from their perspective. Because his claim is not *per se* frivolous, however, the Court accepts that Hall meets the first prong of § 1915(e)(1) because he has made a reasonable attempt to obtain counsel.

That said, Hall does not meet the statute's second requirement. Some courts have found that social security appeals are not unduly complex for the purpose of appointing counsel under § 1915. *See, e.g.*, *Kirkpatrick v. Astrue*, 2008 WL 879407, at *1 (W.D. La. Mar. 31, 2008). This Court disagrees because such cases can present detailed factual and legal issues. However, this is not one of those cases. The ALJ's decision rests only on a limited fact determination at Step 1 concerning Hall's earnings during his alleged disability period. Hall will not be required to engage in complex research or briefing in order to address this issue. In addition, he will be limited to the existing administrative record, which is available to him through the Court's electronic docketing system. Hall's motion suggests that he will be able to review and analyze the record appropriately. Hall states that he has a high school education and has no limitations in his ability to read and write English. *See Basurto v. Astrue*, 2010 WL 2720744, at *2 (N.D. Ill. July 7, 2010) (appointing counsel when these two criteria were not met). The Court notes that his Complaint is clear and well organized. This suggests that Hall has the capacity to address the limited scope of his appeal. Based on these considerations, the Court finds that Hall will be able to review the record appropriately and to prepare the limited briefs required by his Complaint.

For these reasons, Hall's Motion to Proceed *In Forma Pauperis* [4] is granted. The Motion for Appointment of Counsel [5] is denied.