IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERNEST A. HALL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 12 C 9933 |
| | ) | |
| v. | ) | Magistrate Judge Daniel G. Martin |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, this case is dismissed without prejudice for failure to prosecute.

## STATEMENT

Plaintiff Ernest A. Hall filed this lawsuit on December 13, 2012 contesting the final decision of the Commissioner of Social Security. (Doc. 1). He was granted leave to proceed *in forma pauperis* on March 27, 2013. (Doc. 15). The Court issued a briefing schedule on April 2, 2013 requiring Mr. Hall to file his summary judgment motion and memorandum by May 6, 2013. (Doc. 16). Mr. Hall failed to file a summary judgment motion and memorandum, and on September 6, 2013, the Court, *sua sponte*, afforded Mr. Hall an additional opportunity to file his motion for summary judgment and supporting memorandum in light of his *pro se* status. (Doc. 17). Mr. Hall was given until October 4, 2013 to file his summary judgment materials. Id. In that order, Mr. Hall was advised that failure to timely submit his summary judgment motion and memorandum in support could result in the dismissal of his action for failure to prosecute. Id. Mr. Hall failed to file his motion for summary judgment with supporting memorandum.

Due to the government shutdown, the Court amended the briefing schedule on October 18, 2013. (Doc. 21). The Court directed Mr. Hall to file his summary judgment motion and memorandum in support no later than November 1, 2013. Id. The Court's order again specifically cautioned Mr. Hall that "failure to file his summary judgment motion and memorandum by 11/1/2013 may result in the dismissal of his action for failure to prosecute." Id. On October 23, 2013, Mr. Hall telephonically requested more time to attempt to secure counsel. (Doc. 22). On that day, the Court granted Mr. Hall's request for a 30-day extension of the briefing schedule and entered an order allowing Mr. Hall until December 2, 2013 to file his summary judgment materials. Id. Mr. Hall failed to comply with the December 2 deadline.

On December 3, 2013, the Court entered an order directing Mr. Hall to show cause in writing why his case should not be dismissed for failure to prosecute and failure to comply with the Court's October 23 order setting a December 2 deadline for Mr. Hall to file his summary judgment materials. (Doc. 23). The Court gave Mr. Hall 14 days, until December 17, 2013, to respond. Id. The order warned Mr. Hall that "failure to respond to this order to show cause by 12/17/2013, or further failure to prosecute this action in accordance with court orders may result in dismissal of this action." Id. The show cause order was mailed to Mr. Hall's last known address. (Doc. 24).

The December 17 deadline has passed and Mr. Hall has not responded to the show cause order or otherwise communicated with the Court.

District courts have inherent authority to dismiss a case *sua sponte* for a plaintiff's failure to prosecute. Harrington v. City of Chicago, 433 F.3d 542, 548 (7th Cir. 2006); see also Local Rule 41.1 (stating "[c]ases which have been inactive for more than six months may be dismissed for want of prosecution."). A dismissal for lack of prosecution is appropriate when there is "a clear record of delay or contumacious behavior." Daniels v. Brennan, 887 F.2d 783, 785 (7th Cir. 1989). "No case should be dismissed for failure to prosecute without 'explicit warning' of the potential sanction, but there is no requirement that graduated sanctions be imposed before dismissing a case for failure to prosecute." Wilson v. Astrue, 2010 WL 2292935, at *1 (E.D. Wis. June 3, 2010) (citing Ball v. City of Chicago, 2 F.3d 752, 755-56 (7th Cir. 1993)).

Dismissal of this case is warranted. Mr. Hall has been granted multiple extensions of time to file his summary judgment materials. Mr. Hall has failed to file his summary judgment materials as directed and failed to respond to the Court's December 3 show cause order. Although Mr. Hall is proceeding *pro se*, he is nevertheless required to participate in the briefing process. This case is over a year old, and Mr. Hall has only made three filings, the complaint and his simultaneously-filed IFP application and motion for appointment of counsel. Mr. Hall has filed nothing substantive with the Court since his initial filings. Mr. Hall's complete failure to participate in the prosecution of his case demonstrates a lack of interest in litigating his claims. Because Mr. Hall was proceeding *pro se*, the case will be dismissed without prejudice, a significantly less drastic sanction than dismissal with prejudice.

For these reasons, the Court dismisses this action without prejudice.

**Date: December 19, 2013**         /s/ *Daniel G. Martin*